UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MAYER CIRTO ZURITA, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
)
           Plaintiffs, )
vs. )
)
)
SKYHOP GLOBAL, LLC, and )
KRISTINE SCOTTO, )
)
)
           Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, MAYER CIRTO ZURITA, and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, SKYHOP GLOBAL, LLC, and KRISTINE SCOTTO, and alleges:

1.     This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2.     The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3.     The Defendant SKYHOP GLOBAL, LLC, is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4.     The individual Defendant KRISTINE SCOTTO is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was

therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

    5.    All acts or omissions giving rise to this dispute took place in Broward County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

    6.    This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

    7.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

    8.    29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

    9.    Plaintiff MAYER CIRTO ZURITA worked for Defendants as a delivery man from on or about March 20, 2016, through on or about September 20, 2016.

    10.    Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to

use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11.     Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12.     Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, and 2015.

13.     Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $125,000 for the first three months of the year 2016 and is expected to exceed $500,000 for the year 2016.

14.      Individual Defendant KRISTINE SCOTTO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

15.     Between the period of on or about March 20, 2016, through on or about September 20, 2016, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $11.00 per hour but was never paid the extra half time rate for the first 15 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for the first 15 hours worked above 40 in a week using the applicable wage as the basis to calculate the overtime due and owing to Plaintiff.

16.     Between the period of on or about March 20, 2016, through on or about September 20, 2016, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $11.00 per hour but was never paid the time and a half rate for the last 5 hours

worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time and a half rate for the last 5 hours worked above 40 in a week using the applicable wage as the basis to calculate the overtime due and owing to Plaintiff.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121