# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-62250-CIV-WJZ

MAYER CIRTO ZURITA, and all others )
similarly situated under 29 U.S.C. 216(b), )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, 　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
SKYHOP GLOBAL, LLC, and 　　　　　　　 )
KRISTINE SCOTTO, 　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. 　　　　　　　　　)
_____ )

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by Plaintiff Mayer Cirto Zurita (the "Plaintiff") and Defendants Skyhop Global, LLC, and Kristine Scotto (collectively the "Defendants"). The Agreement shall become effective upon the date of execution, and will then be a full, final and binding settlement agreement. The Parties agree to the following:

**WHEREAS**, on or about September 21, 2016, Plaintiff filed suit against Defendants in the action styled *Mayer Cirto Zurita and all others similarly situated under 29 U.S.C. 216(b) v. Skyhop Global LLC, et. al.,* in the United States District Court for the Southern District of Florida, Case Number 2016-62250-CIV-WJZ (the "Action").

**WHEREAS**, Plaintiff sued alleging a federal overtime wage violation pursuant to the Federal Labor Standards Act. The Defendants dispute the amount of hours claimed by Plaintiff, and contend that all overtime wages have been paid to Plaintiff that were due and owing to Plaintiff, if any. The Parties conferred and exchanged documents supporting

their respective positions in the instant case including, without limitation, Plaintiff's driver/flight schedules, payroll information, and Plaintiff's handwritten notebook.

**WHEREAS**, the Parties have agreed to resolve the issues raised in the Complaint because Plaintiff has decided on his own that he did not want to proceed with this lawsuit and he did not want to participate in this lawsuit any further.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below, as well as for other good and valuable consideration, it is agreed as follows:

1. **SETTLEMENT AMOUNT.** Plaintiff has not received any monetary consideration in the instant settlement. To avoid the risks and additional expenses associated with continued litigation of this matter, including trial, and because Plaintiff has decided on his own that he did not want to proceed with this lawsuit and he did not want to participate in this lawsuit any further, the Parties reached a resolution and the Parties agreed to a mutual dismissal of Plaintiff's claims and with each side to bear their own fees and costs. As consideration for Plaintiff dismissing his case with prejudice, Defendants have agreed not to proceed against Plaintiff to attempt to recover their fees and costs against Plaintiff or his counsel and Plaintiff has agreed not to proceed with his claim or attempt to recover their fees and costs against Defendants or their counsel.

    The settlement constitutes a fair and reasonable resolution to the Plaintiff's claim as neither Plaintiff nor his counsel will be required to pay the Defendants' attorneys' fees and costs should Defendants be entitled to same and neither Defendants nor their counsel will be required to pay Plaintiff's attorneys' fees and costs should he be entitled to same in the instant litigation.

2. **RELEASE OF CLAIMS.** This Agreement shall affect the release of all claims which were, or could have been, asserted by and between Plaintiff and Defendants in the above-styled lawsuit pending before the U.S. District Court for the Southern District of Florida.

3. **ATTORNEY'S FEES.** Each party will bear their own attorneys' fees and costs.

4. **NO UNDUE INFLUENCE.** The Parties confirm there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement and the decision to dismiss the Action with prejudice. Plaintiff has decided on his own that he did not want to proceed with this lawsuit and he did not want to participate in this lawsuit any further, the Parties reached a resolution and the Parties agreed to a mutual dismissal of Plaintiff's claims and with each side to bear their own fees and costs.

5. **BINDING ON SUCCESSORS AND ASSIGNS.** The terms contained herein shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors, and assigns, including Kristine Scotto in an individual capacity.

6. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y EL ENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

Dated: May 5, 2017

**MAYER CIRTO ZURITA**

*[signature]*

**SKYHOP GLOBAL, LLC**

*[signature]*
By: Kristine Scotto, CEO

**KRISTINE SCOTTO**

*[signature]*

| | |
|---|---|
| **J. H. ZIDELL, P.A.**<br>300-71st Street, Suite 605<br>Miami Beach, Florida 33141<br><br>BY: *[signature]*<br>Rivkah Jaff, Esq.<br>Florida Bar No.: 107511<br>Phone: 305-865-6766<br>Facsimile: 305-865-7167<br>rivkah.jaff@gmail.com<br><br>*Counsel for Plaintiff* | **DORTA & ORTEGA, P.A.**<br>3860 SW 8 Street, Penthouse<br>Coral Gables, Florida 33134<br><br>BY: *[signature]*<br>Omar Ortega, Esq.<br>3860 SW 8th Street, PH     FL. BAR #<br>Coral Gables, Florida 33134     0095117<br>Phone: 305-461-5454<br>Facsimile: 305-461-5226<br><br>*Counsel for Defendants* |

MZ